IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

PHILLIP DIONTE BOLER,

        Petitioner,

        v.

WARDEN, MARION
CORRECTIONAL INSTITUTION,

        Respondent.

CASE NO. 2:19-CV-4321
JUDGE JAMES L. GRAHAM
Chief Magistrate Judge Elizabeth P. Deavers

## ORDER and
## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner seeks release from confinement imposed pursuant to a state-court judgment in a criminal action. This case has been referred to the Undersigned pursuant to 28 U.S.C. 636(b) and Columbus' General Order 14-1 regarding assignments and references to United States Magistrate Judges.

This matter is before the Court on its own motion under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4"). Pursuant to Rule 4, the Court conducts a preliminary review to determine whether "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief . . ." If it does so appear, the petition must be dismissed. *Id*. With this standard in mind, and for the reasons that follow, these are the circumstances here.

## I. FACTS AND PROCEDURAL HISTORY

Petitioner challenges his June 19, 2009 convictions after a jury trial in the Athens County Court of Common Pleas on complicity to aggravated robbery and complicity to murder, with

firearm specifications. The Ohio Fourth District Court of Appeals summarized the facts and procedural history of the case as follows:

> {¶ 3} The record reflects that on February 20, 2009, an Athens County grand jury returned an indictment that charged appellant with (1) one count of aggravated robbery in violation of R.C. 2911.01(A)(3), a first-degree felony, and (2) one count of murder in violation of R.C. 2903.02(B), an unspecified felony with the predicate offense being aggravated robbery. Both counts contained firearm specifications. The state issued a Bill of Particulars on April 1, 2009, and amended it on June 17, 2009, to add that the underlying theft offense to the aggravated robbery was attempted theft and/or burglary or an attempted burglary of 7467 New Marshfield Road.
>
> {¶ 4} On June 19, 2009, a jury found appellant guilty of complicity to aggravated robbery and complicity to murder, both with firearm specifications. On June 22, 2009, the trial court issued an entry to indicate that appellant was convicted of aggravated robbery [2911.01(A)(3) ] and complicity to murder [2903.02(B) ], but on July 1, 2009 the court issued a nunc pro tunc judgment to correct the June 22, 2009 judgment in which "the amount of money seized from Defendant during this investigation lists the wrong amount. Also, the previous entry stated that defendant was found guilty of Count One, Aggravated Robbery which should actually be Complicity to Aggravated Robbery. * * *" On September 22, 2009, the trial court issued another nunc pro tunc entry, this time to indicate once again that appellant was convicted of aggravated robbery and complicity to murder. On October 2, 2009, the trial court issued another nunc pro tunc entry to state that appellant was convicted of complicity to aggravated robbery and complicity to murder.
>
> {¶ 5} On May 5, 2010, and again on May 21, 2010, appellant filed motions for disclosure of grand jury transcripts. On May 21, 2010, appellant also filed his first petition for postconviction relief and asked the trial court to dismiss the defective indictment "do [sic] to lack of Sufficient Subject Matter, and Court have [sic] no Jurisdiction to hear such indictment, since the indictment does not have the necessary ingrediene [sic] to create the required elements to display the initial charge." On May 25, 2010, the trial court dismissed appellant's motions for disclosure of grand jury transcripts and his petition for postconviction relief. Appellant did not appeal the decision.
>
> {¶ 6} As noted above, on July 12, 2010 this court affirmed the trial court's judgment of conviction. *See Boler*, 4th Dist. Athens App. No. 09CA24, 2010-Ohio-3344. On September 13, 2010, appellant filed a pro se App.R. 26(B) application to reopen the appeal. On November 1, 2010, appellant filed a motion for leave to file an amended application to reopen. On November 22, 2010, this court denied appellant's application and concluded that "his motion does not show that a 'genuine issue' exists as to whether he was deprived the effective assistance of appellate counsel."

{¶ 7} On August 26, 2011, appellant filed an App.R. 26(A) application for reconsideration and argued that the offenses should have merged, as did the convictions of a co-defendant. On December 22, 2011, this court denied appellant's delayed application for reconsideration, finding appellate counsel not ineffective and finding that aggravated robbery and felony murder are not allied offenses of similar import under the test in effect when appellant filed his direct appeal.

{¶ 8} On January 11, 2012, appellant filed a second motion to reconsider, or in the alternative, to certify a conflict. On March 5, 2012, this court denied appellant's application for reconsideration and denied the untimely motion to certify a conflict. On March 16, 2012, appellant again filed a motion to reconsider this court's March 5, 2012 decision to deny appellant's January 11, 2012 application to reconsider or to certify a conflict. On May 1, 2012, this court denied appellant's application for reconsideration.

{¶ 9} On April 9, 2013, appellant filed a request for a re-sentencing hearing. On April 16, 2013, the trial court denied appellant's request for resentencing, finding that the aggravated robbery related to Osbourne and that the individual murdered was Donnie Putnam, therefore as two victims were involved, the crimes were committed separately or with a separate animus as to each.

{¶ 10} On May 2, 2013, appellant filed a second notice of appeal (13CA19) to appeal the trial court's April 16, 2013 decision that denied his motion for resentencing. On June 13, 2013, appellant filed a corrected notice of appeal, and on June 20, 2013, this court (13CA19) dismissed appellant's appeal because the trial court's April 16, 2013 entry is not a final appealable order. In this court's ruling, we also held: "Boler could have raised the issue concerning whether the trial court sentenced him on allied offenses of similar import in his sentencing on his direct appeal, but failed to do so. The doctrine of res judicata bars not only the re-litigation of previous claims, but also bars a litigant from raising any issue, claim or defense that could have been previously raised but was not. (citation omitted). The allied offenses argument was available to Boler on direct appeal. Having failed to raise the issue then, Boler is bared by the doctrine of res judicata from raising it at this time."

{¶ 11} On September 14, 2014, appellant filed a motion to vacate a void judgment (09CA24) and raised the same issue he raises here. On October 7, 2014, the magistrate's order denied appellant's motion to vacate a void judgment and stated "[t]his Court finds nothing in Boler's current motion that has not or could not have been raised in his direct appeal. The doctrine of res judicata bars the consideration of errors that could have been raised on direct appeal, but were not. (Citation omitted). Moreover, Boler has not demonstrated that any of these errors would have rendered the trial court's judgment void; therefore, they would also not render this Court's judgment void. Boler's motion to vacate a void judgment is hereby DENIED."

{¶ 12} On October 15, 2014 (09CA24), appellant filed a motion for a judgment on the pleadings. On October 29, 2014, the magistrate's order denied appellant's motion for judgment on the pleadings as moot because no pleadings were currently before the court. On November 25, 2014 (09CA24), appellant filed a second motion for judgment on the pleadings, arguing that his four-year-old motion for leave to file amended application on reopening from November 1, 2010 was still pending before the court. On January 23, 2015, this court denied appellant's motion, concluding that appellant's November 1, 2010 motion was untimely filed and implicitly denied by the Court, and thus, the motion was no longer pending.

{¶ 13} On July 17, 2017, appellant filed his second petition for postconviction relief, a motion to vacate a void judgment "due to fraud upon the court" in 09CR0091. On August 3, 2017, appellant filed a motion for judgment on the pleadings in the trial court, and on August 15, 2017, the court denied appellant's motion to vacate a void judgment due to fraud upon the court, construing it as "an untimely, as well as successive, R.C. 2953.21 petition for postconviction relief, and therefore denies the motion for want of jurisdiction." The trial court cited appellant's May 21, 2010 "motion to void judgment" as appellant's first motion for postconviction relief. Appellant did not appeal the trial court's decision the motions on May 25, 2010. The court dismissed appellant's July 17, 2017 motion for want of jurisdiction and concluded that the dismissal mooted appellant's August 3, 2017 motion for judgment on the pleadings. Appellant did not appeal that decision.

{¶ 14} On December 22, 2017, appellant filed his third motion for postconviction relief and reasserted the claims that the trial court denied on August 15, 2017. On January 2, 2018, the trial court denied appellant's motion for postconviction relief and noted that appellant's motion is "an untimely, as well as successive, R.C. 2953.21 petition for post-conviction relief, and is therefore denied for want of jurisdiction." The trial court cited appellant's May 21, 2010 "motion to void judgment" as appellant's first motion for postconviction relief, denied on May 25, 2010, and cited appellant's July 17, 2017 "motion to vacate a void judgment due to fraud upon the court" as appellant's second petition, also denied August 15, 2017. The trial court correctly observed that appellant did not appeal either decision. The trial court held that (1) this is another untimely and successive postconviction petition, (2) the matter is barred by res judicata, (3) the mid-trial amendment to the bill of particulars is appropriate, (4) the amendment did not change the name of the offense or the identity of the crime, and (5) appellant's conviction for complicity, the offenses for which he was indicted, is proper. Thus, the trial court dismissed the December 22, 2017 motion for want of jurisdiction. Further, on January 18, 2018, the trial court denied appellant's January 16, 2018 "demand for a hearing on the merits" as moot. This appeal followed.

*State v. Boler*, 4th Dist. No. 18CA2, 2018 WL 4422384, at *1-4 (Ohio Ct. App. Sept. 10, 2018).

On September 10, 2018, the appellate court affirmed the judgment of the trial court. *Id.* On

4

December 12, 2018, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Boler*, 154 Ohio St.3d 144 (Ohio 2018).

On September 5, 2019, Petitioner executed this habeas corpus petition. (ECF No. 1, PAGEID # 16.) He asserts that indefinite charges violated his right to due process (claim one); and that the unlawful amendment of the charges violated his right to due process (claim two). Plainly, however, this action is time-barred.

## II. STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d). The statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id*.

A District Court is permitted, but not obligated, to *sua sponte* address the timeliness of a federal habeas corpus petition, *Day v. McDonough*, 547 U.S. 198 (2006), and may do so when conducting an initial review under Rule 4. *See Wogenstahl v. Charlotte*, No. 1:17-cv-298, 2017 WL 3053645, at *2 (S.D. Ohio July 19, 2017) (citing *McDonough*, 547 U.S. at 198). Here, even construing the statute of the limitations in a light most favorable to the Petitioner and assuming, *arguendo*, that it did not begin to run until January 24, 2015, the day after the appellate court denied Petitioner's motion for judgment on the pleadings in Rule 26(B) proceedings, this action remains untimely. Under such a scenario, the statute of limitations would have expired one year later, on January 24, 2016. Nonetheless, Petitioner waited more than 3 ½ years, until September 5, 2019, to execute this habeas corpus petition. His successive state post conviction actions, filed in July and December of 2017, did not toll or otherwise affect the running of the statute of limitations, because the state appellate court denied them as untimely under Ohio law and he filed them after the one-year statute of limitations had long since expired. "The tolling provision does not . . . 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir. 2003). Further, "[a] post-conviction petition that is rejected as untimely by the state courts is not "properly filed" within the meaning of § 2244(d)(2) and does not toll the running of the statute of limitations." *Burns v. Warden*, No. 2:18-cv-00055, 2018 WL 684647, at *2 (S.D. Ohio Feb. 1, 2018) (quoting *Henderson v. Bunting*, 698 F. App'x 244, 246-47 (6th Cir. 2017) (citing *Allen v. Siebert*, 552 U.S. 3, 7 (2007)). Additionally, Petitioner does not allege, and the record does not reflect, any extraordinary circumstances that would justify equitable tolling of the statute of limitations. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (holding that, in order to obtain equitable tolling of the statute of limitations, a litigant must establish that he has been diligently

pursued relief and that some extraordinary circumstance stood in his way of timely filing) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

## III. RECOMMENDED DISPOSITION

For the foregoing reasons, the Undersigned **RECOMMENDS** that this action be **DISMISSED.**

Petitioner's Motion for Appointment of Counsel (ECF No. 4) is **DENIED**.

### **Procedure on Objections**

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

**IT IS SO ORDERED**.

                                                 s/ *Elizabeth A. Preston Deavers*
                                                Elizabeth A. Preston Deavers
                                                Chief United States Magistrate Judge